IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Clark,                                    Case No. 1:07 CV 2861

              Petitioner,           MEMORANDUM OPINION
                                                 AND ORDER
      -vs-
                                                 JUDGE JACK ZOUHARY
Julius Wilson,

              Respondent.

**BACKGROUND**

Petitioner Robert Clark filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner is in custody and has alleged his detention violates the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution.

The case was referred to Magistrate Judge Kenneth McHargh for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). In his Report and Recommendation (Doc. No. 10), the Magistrate recommends the Court deny the Petition.

The matter is now before the Court on Petitioner's Objections (Doc. No. 11). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this

Court has made a *de novo* determination of the Magistrate's findings. For the following reasons, the Court finds the Objections not well taken.

## DISCUSSION

### Factual and Procedural Background

The Court adopts the Magistrate's statement of underlying facts (Doc. No. 10, pp. 1-5) and provides this brief synopsis.

Petitioner faced prosecution on fifteen counts, in three different cases pending in the Cuyahoga County Court of Common Pleas (Doc. No. 7, Ex. 3). In the first case (CR-451169), Petitioner was indicted on six drug-related crimes, including trafficking in drugs in violation of R.C. § 2925.03, a first-degree felony (*id.* at pp. 3-6). In the second case (CR-453745), the indictment charged Petitioner with five drug-related crimes, including trafficking in drugs in violation of R.C. § 2925.03, a fourth-degree felony (*id.* at pp. 6-7). In the third case (CR-445735), the indictment charged Petitioner with four drug-related crimes, including trafficking in drugs in violation of R.C. § 2925.03, a fifth-degree felony (*id.* at pp. 7-8).

As part of a plea agreement, Clark withdrew his pleas of not guilty and entered a plea of guilty to the drug trafficking charges in each of the three cases with various felonious degrees (Doc. No. 7, Exs. 3, 4, 19, 21). In exchange, the remaining counts were dropped (*id.*). Pursuant to the plea agreement, Petitioner was sentenced in October 2004 to nine years total imprisonment: seven years for the first-degree felony (CR-451169), one year for the fourth-degree felony (CR-453745), and one year for the fifth-degree felony (CR-445735) (Doc. No. 7, Ex. 3, pp. 18-19). The sentences were to be served consecutively (*id.*).

Attorney Michael Peterson represented Petitioner in all three cases and was with him at sentencing. Peterson also represented Petitioner's co-defendant Aaron Wells (CR-451169). Wells pled guilty to one count of trafficking drugs with a firearm specification, a third-degree felony, and one count of possession of a firearm while under disability (Doc. No. 7, Ex. 22). He received a two-year sentence (*id.*).

Petitioner did not file a direct appeal of his sentence. However, in January 2006, he filed a motion pursuant to Ohio Rule of Criminal Procedure 32.1 to withdraw his guilty plea (Doc. No. 7, Ex. 5), arguing it was necessary to avoid a manifest injustice. In his motion, Petitioner claimed he was denied effective assistance of counsel because unbeknownst to Petitioner, his attorney, Peterson, also represented co-defendant Wells. The state court of appeals summarized this claim as follows:

> [Clark] claims to have entered the pleas as a result of pressure from his attorney, Michael Peterson, who claimed that a codefendant, Aaron Wells, had reached a bargain with the state, but that the state would not permit Wells to plead unless appellant pleaded as well. Appellant further maintained that the terms of these plea bargains called for appellant and Wells each to serve a total of nine years in prison. More than a year after being sentenced, appellant filed a motion to withdraw his guilty plea. In that motion, he claimed that attorney Peterson told him that Wells received an eight-year sentence. Appellant also claimed to have discovered that attorney Peterson also represented Wells, but failed to disclose the dual representation to appellant.

(Doc. No. 7, Ex. 12, p. 3). Basically, Petitioner maintained that Peterson had a conflict of interest as a result of this dual representation and, because of this conflict, Petitioner entered into a plea agreement he otherwise would have rejected. The Cuyahoga County Court of Common Pleas rejected Petitioner's motion to withdraw his plea (Doc. No. 7, Ex. 7).

Clark appealed the denial of the motion to withdraw (Doc. No. 7, Ex. 10). The court of appeals affirmed in February 2007, finding that even if Peterson actively lied to Petitioner to conceal the dual representation, it was an ethical breach that fell short of ineffective assistance because

3

Petitioner failed to show resulting prejudice (Doc. No. 7, Ex. 12). Petitioner appealed to the Ohio Supreme Court (Doc. No. 7, Ex. 15) which denied leave to appeal and dismissed the case in June 2007 (Doc. No. 7, Ex. 17).

### Petition for Habeas Corpus

Petitioner filed his Petition now before this Court in September 2007 (Doc. No. 1-2). The sole ground for relief is that he was denied effective assistance of counsel under the Sixth Amendment because Peterson represented both Petitioner and Wells, and therefore his guilty plea is invalid (Doc. No. 1-2). The Magistrate issued his Report recommending denial in September 2008. Petitioner timely filed an Objection to the Magistrate's Report.

In his Objection, Petitioner maintains the Magistrate erred by concluding Petitioner did not suffer prejudice as a result of Peterson's dual representation. Petitioner argues he did sufficiently demonstrate prejudice because, he claims, if he had known of the dual representation, he would not have agreed to plead guilty (Doc. No. 11, pp. 5-7). He also claims Peterson did not pursue Petitioner's innocence defense (Doc. No. 11, p. 7).

### Ineffective Assistance of Counsel

For a claim of ineffective assistance of counsel, Petitioner must ordinarily prove two components: (1) counsel's performance was deficient; and (2) resulting prejudice, such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). In the context of guilty pleas, the second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words . . . the defendant must show

4

that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

In certain Sixth Amendment contexts a court may presume prejudice under the second prong of *Strickland*, effectively negating the requirement that a defendant prove a different outcome was likely. Here, Petitioner alleges a specific type of ineffectiveness claim, that of conflict of interest, which is examined under a slightly different standard for prejudice. Because of the dangers inherent when counsel has a conflict of interest, *see, e.g., Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978), "prejudice is presumed when counsel is burdened by an actual conflict of interest." *Strickland*, 466 U.S. at 692 (*citing Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1980)). In order to demonstrate an actual conflict, Petitioner must show that counsel "actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." *Id.* Thus, for a defendant to "successfully assert a claim of ineffective counsel based on a conflict of interest, a defendant who entered a guilty plea must establish: (1) that there was an **actual conflict** of interest; and (2) that the conflict **adversely affected the voluntary nature** of the guilty plea entered by the defendant." *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir. 1987) (emphasis added).

*Actual Conflict*

In order to establish an actual conflict existed, Petitioner must "make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other." *Id.* at 481 (citations omitted). A hypothetical or irrelevant conflict of interest does not support setting aside a guilty plea as involuntary. *Id.* As such, Petitioner "must point to

5

specific instances of actual conflict of interest and not rely on mere speculation, second-guessing, and hindsight." *Williams v. Jones*, 214 F. App'x 512, 526 (6th Cir. 2007).

The Court agrees with the Magistrate's assertion that, assuming it is true Peterson did not disclose the dual representation, such behavior is objectively unreasonable. Counsel had an obligation to inform Petitioner and the trial court of the potential conflict. The Court also agrees with the Magistrate's conclusion that the state appellate court's determination that no actual conflict existed was not an objectively unreasonable application of federal law.

Petitioner has not established that Peterson made decisions detrimental to Petitioner because of his representation of Wells; rather, his claims are grounded on "mere speculation, second-guessing, and hindsight." *Id.* Petitioner has not demonstrated, as required by *Thomas*, that Peterson faced inconsistent interests requiring him to make a choice between alternative courses of action. In fact, Wells' position was materially adverse to that of Petitioner. Both men were charged with drug trafficking and possession. The one key difference in the case, which explains the discrepancy in the sentence between the two men, was that Wells's drug trafficking charge was a third-degree felony because the amount of crack cocaine trafficked was 5-10 grams (Doc. No. 7, Ex. 22), while Petitioner's drug trafficking charge was a first-degree felony because the amount was 25-100 grams (Doc. No. 7, Ex. 1).

The state court's determination that no actual conflict existed is not contrary to or an unreasonable application of federal law. The Court adopts the Magistrate's conclusion on this issue.

### *Adverse Effect*

The existence of an actual conflict will not alone support a finding of a Sixth Amendment violation. There must be evidence that counsel's conflict adversely affected the voluntary nature of

6

a defendant's plea agreement such that there is a reasonable probability he would have insisted on going to trial. *Thomas*, 818 F.2d at 482; *Hill*, 474 U.S. at 58-59.

The Court agrees with the Magistrate's conclusion that it was not unreasonable under federal law for the state court to find Petitioner failed to demonstrate there was a reasonable probability that but for Peterson's alleged dual representation, Petitioner would not have accepted the plea deal and insisted on going to trial, nor that he would have obtained a more favorable plea deal. Petitioner was facing fifteen drug charges in three different cases, including a Major Drug Offender specification in CR-451169 (Doc. No. 7, Ex. 1), which carries a mandatory sentence of ten years. R.C. § 2929.14(D)(3)(a). Further, Petitioner has not offered a reasonable defense, other than a brief mention in passing in his Petition of his actual innocence (Doc. No. 1-2, p. 24), which he did not maintain during his state court proceedings. Any adverse impact from the dual representation is speculative.

The key point is that Petitioner has failed to establish there was a **reasonable** probability he would have insisted on going forward with a trial. His bare assertion in his Petition that if he had known of the dual representation he would not have accepted the plea bargain is insufficient to establish a **reasonable** probability.

Petitioner's reliance on *Lyons v. Jackson*, 299 F.3d 588, 600 (6th Cir. 2002) is misplaced. In *Lyons*, the juvenile petitioner relied heavily on his counsel's statement that the trial court would sentence petitioner as a juvenile rather than as an adult in his decision to plead guilty to murder. Counsel did not inform the petitioner that the prosecutor had the opportunity to appeal the trial court's decision to sentence him as a juvenile. Under these circumstances, the court held Lyons' sworn testimony that had he known of the prosecutor's right to appeal he would not have pled guilty was enough by itself to create a "reasonable probability" under the prejudice prong of *Strickland*. *Id.*

7

Here, there is no nexus between the alleged error -- conflict of interest -- and the decision to accept the plea deal.  Peterson's dual representation did not impact Petitioner's guilty plea.  Petitioner's lone statement that "he would have acted differently" fails to establish a reasonable probability that he would have insisted on proceeding to trial or that his guilty plea was defective.

The state court's determination that Petitioner failed to establish prejudice is not contrary to or an unreasonable application of federal law, and therefore the Court adopts the Magistrate's conclusion on this issue.

## CONCLUSION

After conducting a *de novo* review of the portions of the Report and Recommendation objected to by Petitioner, the Magistrate's Report and Recommendation is adopted and affirmed.  Petitioner's claims are dismissed.

Petitioner has failed to show the existence of any set of facts upon which he could prevail.  Accordingly, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.

                 s/ *Jack Zouhary*
                JACK ZOUHARY
                U. S. DISTRICT JUDGE

                November 25, 2008